Government Entity – Tulare Regional Medical Center
No Filing Fee Required [Gov't. Code § 6103]

Richard S. Salinas    #154959
Carol A. O'Neil       #71282
WEISS·SALINAS LAW GROUP, INC.
7108 North Fresno Street, Suite 250
Fresno, California 93720
Telephone: (559) 438-2080
Facsimile:  (559) 438-8363
rsalinas@weiss-salinas.com

Attorneys for Defendant TULARE REGIONAL MEDICAL CENTER

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JIAME CALDERON, an individual; RC, a minor child; MC, a minor child; MC, a minor child, <br><br>　　　　　Plaintiffs, <br><br>vs. <br><br>ADANNA IKEDILO, M.D.; TULARE REGIONAL MEDICAL CENTER; and DOES 1 through 25, Inclusive, <br><br>　　　　　Defendants. | Case No. 1:17-cv-00040-DAD-BAM <br><br>**DEFENDANT TULARE REGIONAL MEDICAL CENTER'S ANSWER TO PLAINTIFFS' COMPLAINT FOR WRONGFUL DEATH AND DEMAND FOR JURY TRIAL** |

Defendant TULARE REGIONAL MEDICAL CENTER, hereinafter referred to as ("Defendant TRMC,") hereby answers Plaintiffs JIAME CALDERON, an individual; RC, a minor child; MC, a minor child; and MC, a minor child (hereinafter collectively referred to as "Plaintiffs") January 11, 2017, Complaint for Wrongful Death pursuant to Federal Rules of Civil Procedure ("FRCP"), Rule 8 and Rule 12(a)(1)(A)(i), and Defendant TRMC hereby demands a jury trial in this case pursuant to FRCP, Rule 38.

　　　1.　　By virtue of the provisions of Rule 8 of the FRCP, Defendant TRMC specifically admits that Jurisdiction is proper in this Court to the extent Plaintiffs' Complaint states a cognizable claim under the Federal Torts Claim Act, 28 U.S.C. § 2674, but should that claim be dismissed or otherwise disposed of, then jurisdiction of any state claim based on the supplemental jurisdiction of this Court under 28 U.S. Code § 1367 is contested and denied.

2. By virtue of the provisions of Rule 8 of the FRCP, Defendant TRMC denies the allegations in Plaintiffs' Complaint to extent that they refer to or may refer to Defendant TRMC generically as "the defendants" or in any other nonspecific manner in paragraphs: 12, 13 and 35-43, inclusive.

3. As to paragraph 1 in Plaintiffs' Complaint, Defendant TRMC admits that it does business in the State of California, County of Tulare and that the relevant incident occurred in the State of California, County of Tulare. Defendant TRMC lacks information to respond to the remaining allegations in paragraph 1, and on this basis, Defendant TRMC denies the remaining allegations in paragraph 1.

4. As to paragraph 2 in Plaintiffs' Complaint, Defendant TRMC lacks information to respond to the allegations in paragraph 2, lines 12-14 concerning Dr. Ikedilo, and on this basis, Defendant TRMC denies these allegations. As previously stated in paragraph 1, above, and by virtue of the provisions of Rule 8 of the Federal Rules of Civil Procedure, Defendant TRMC specifically admits that Jurisdiction is proper in this Court to the extent Plaintiffs' Complaint states a cognizable claim under the Federal Torts Claim Act 28 U.S.C. § 2674, but should that claim be dismissed or otherwise disposed of, then jurisdiction of any state claim based on the supplemental jurisdiction of this Court under 28 U.S. Code § 1367 is contested and denied.

5. As to paragraphs 3-7, inclusive, in Plaintiffs' Complaint and as to Exhibits A, B and C to Plaintiffs' Complaint, Defendant TRMC lacks information to respond to these allegations or to the import of Exhibits A, B and C to Plaintiffs' Complaint and on this basis, Defendant TRMC denies each and every allegation in these paragraphs.

6. As to paragraphs 8-10, inclusive, in Plaintiffs' Complaint, Defendant TRMC lacks information to respond to these allegations, and on this basis, Defendant TRMC denies these allegations.

7. As to paragraph 11 in Plaintiffs' Complaint, Defendant TRMC admits that it is a hospital located in the County of Tulare, California.

8. As to paragraph 12 in Plaintiffs' Complaint Defendant TRMC lacks information to respond to these allegations, and on this basis, Defendant TRMC denies these allegations.

9. As to paragraph 13 in Plaintiffs' Complaint, Defendant TRMC expressly denies that co-defendant, Adanna Ikedilo, M.D., was its agent and employee at the time of any of the events alleged in Plaintiffs' Complaint.

10. As to paragraphs 14-33, inclusive, of Plaintiffs' Complaint, Defendant TRMC lacks information to respond to these allegations, and on this basis, Defendant TRMC denies each and every allegation contained in paragraphs 14-33, inclusive, of Plaintiffs' Complaint.

11. As to paragraph 34 of Plaintiffs' Complaint, Defendant TRMC is informed and believes that this paragraph is intended to incorporate previous allegations in paragraphs 1-33, inclusive into Plaintiffs' First Cause of Action, and Defendant TRMC intends that its previous responses to paragraphs 1-33, inclusive, of Plaintiffs' Complaint also apply to this paragraph.

12. As to paragraphs 35-44, inclusive, of Plaintiffs' Complaint, Defendant TRMC denies each and every allegation contained in these paragraphs to the extent these allegations do not specifically refer to Defendant TRMC. Additionally, Defendant TRMC lacks information to respond to the allegations in paragraphs 35-44, inclusive of Plaintiffs' Complaint, and on this basis, Defendant TRMC denies each and every allegation contained in these paragraphs. Further, Defendant TRMC expressly denies that it breached any duty owed to Ana Calderon. Defendant TRMC also expressly denies that any act or omission on its part was a direct and proximate cause of the death of Ana Calderon. Further, Defendant TRMC expressly denies that any act or omission on its part was a direct and proximate cause of Plaintiffs' alleged damages.

13. Other than the allegations specifically admitted above and pursuant to Federal Rules of Civil Procedure, Rule 8(b)(3), Defendant TRMC generally denies each and every other allegation made by Plaintiffs in their Complaint.

### FIRST AFFIRMATIVE DEFENSE

14. Defendant TRMC alleges that Plaintiffs' Complaint fails to state facts sufficient to constitute a cause of action against it.

### SECOND AFFIRMATIVE DEFENSE

15. Defendant TRMC alleges that its involvement in the care and treatment of Ana Calderon was medically acceptable under the circumstances and was within the standard of care.

### THIRD AFFIRMATIVE DEFENSE

16. Defendant TRMC alleges that Plaintiffs' claims against it are barred by the applicable statutes of limitations, including, but not limited to, those set forth in California Code of Civil Procedure sections 335.1, 338, 340 and 340.5 and in California's Government Claims Act (California Government Code §§ 810-996.) Defendant TRMC requests a separate trial in regard to this defense pursuant to California Code of Civil Procedure section 597.5.

### FOURTH AFFIRMATIVE DEFENSE

17. Defendant TRMC alleges that Plaintiffs failed to mitigate their alleged damages, and as a result, their recovery, if any, is barred or reduced by those damages which Plaintiffs failed to mitigate.

### FIFTH AFFIRMATIVE DEFENSE

18. Defendant TRMC alleges that Plaintiffs' Complaint is made in violation of Federal Rule 11(b) of the Federal Rules of Civil Procedure, and therefore, Defendant TRMC is entitled to recover attorney's fees and costs associated with defending against this action pursuant to Rule 11(c).

### SIXTH AFFIRMATIVE DEFENSE

19. Defendant TRMC alleges that Plaintiffs' alleged injuries and damages, if any, were not legally caused by Defendant TRMC, but rather were caused by others and/or by intervening and superseding causes and/or circumstances of which Defendant TRMC could not have reasonably foreseen or controlled.

### SEVENTH AFFIRMATIVE DEFENSE

20. Defendant TRMC alleges that Plaintiffs' Complaint is uncertain, thereby making it impossible for Defendant TRMC to fully anticipate all affirmative defenses that may be applicable and, therefore, Defendant TRMC reserves the right to assert additional, separate affirmative defenses which may be discovered during the course of investigation and discovery of Plaintiffs' claims.

///

///

### EIGHTH AFFIRMATIVE DEFENSE

21. Defendant TRMC asserts that to the extent Plaintiffs recover damages on any claim brought under State law, Defendant TRMC is entitled to have the amount abated, apportioned, and/or reduced to the extent that any other party's negligence or actions caused or contributed to the damages, if any there were. To the extent that the Complaint seeks recovery on any common law tort theory, such liability must be diminished in proportion to the amount of fault attributable to Plaintiffs and others.

### NINTH AFFIRMATIVE DEFENSE

22. Plaintiffs' own conduct estops Plaintiffs from claiming the damages alleged in the Complaint.

### TENTH AFFIRMATIVE DEFENSE

23. Plaintiffs' claims are barred by the doctrines of laches, estoppel and/or waiver, and by all applicable statutes of limitations.

### ELEVENTH AFFIRMATIVE DEFENSE

24. That in the event Defendant TRMC is found to be negligent as to the State claim against it, which is expressly herein denied, Defendant TRMC may elect to introduce evidence of any amounts paid or payable, if any, as a benefit to Plaintiffs pursuant to Civil Code section 3333.1.

### TWELFTH AFFIRMATIVE DEFENSE

25. That in the event Defendant TRMC is found to be negligent as to the State claim against it, which is expressly herein denied, the damages for non-economic losses shall not exceed the amounts specified in Civil Code section 3333.2.

### THIRTEENTH AFFIRMATIVE DEFENSE

26. That in the event Defendant TRMC is found to be negligent as to the State claim against it, which is expressly herein denied, Defendant TRMC may elect to have future damages, if in excess of the amount specified in California Code of Civil Procedure section 667.7, paid in whole or in part periodically as specified in California Code of Civil Procedure section 667.7.

///

### FOURTEENTH AFFIRMATIVE DEFENSE

27. Defendant TRMC alleges that Plaintiffs did not exercise ordinary care, caution or prudence to avoid the happening of the incident complained of herein, and said incident and the injuries and damages, if any, sustained by Plaintiffs were directly and proximately caused and contributed to by the negligence of said Plaintiffs.

### FIFTHTEENTH AFFIRMATIVE DEFENSE

28. That in the event Defendant TRMC is found to be negligent as to the State claim against it which is expressly herein denied, the liability of Defendant TRMC is limited by reason of California Civil Code section 1431.2.

### SIXTEENTH AFFIRMATIVE DEFENSE

29. Defendant TRMC alleges that Plaintiffs acted with full knowledge of all the facts and circumstances surrounding Plaintiffs' injuries, and that said matters of which Plaintiffs assumed the risk proximately contributed to and proximately caused Plaintiffs' injuries, if any.

### SEVENTEENTH AFFIRMATIVE DEFENSE

30. That in the event it is found that Defendant TRMC failed to disclose all material information to Plaintiffs, and a reasonably prudent person fully informed as to all material information would not have consented to the medical treatment or operation, which is expressly herein denied, Defendant TRMC alleges that even though a reasonably prudent fully informed patient would not have given consent, Ana Calderon would have consented to the procedure.

### EIGHTEENTH AFFIRMATIVE DEFENSE

31. Defendant TRMC alleges that they are not liable for any of the alleged damages pursuant to Civil Code section 1714.8 "for any occurrence or result solely on the basis that the occurrence or result was caused by the natural course of a disease or condition, or was the natural or expected result of reasonable treatment rendered for the disease or condition."

### NINETEENTH AFFIRMATIVE DEFENSE

32. Defendant TRMC alleges that Plaintiffs' state court claim against it is time-barred because Plaintiffs failed to file their Complaint within six months from the date of TRMC's Notice of Rejection of Plaintiffs' governmental claim and the doctrine of equitable tolling

expressed in *Addison v. State* (1978) 21 Cal. 3d 313 is inapplicable to this present case.

WHEREFORE, Defendant TRMC prays that Plaintiffs takes nothing by reason of their Complaint and that Defendant TRMC recover judgment for its costs of suit and for such other relief as the Court deems proper.

### DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38, Defendant TRMC demands a trial by jury of all issues in this action.

Dated: March 16, 2017              WEISS·SALINAS LAW GROUP, INC.

                         By  /s/ Richard S. Salinas, Esq.
                             Richard S. Salinas
                             Carol A. O'Neil
                             Attorneys for Defendant
                             TULARE REGIONAL MEDICAL CENTER

106068/1002.0098