UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JIAME CALDERON, individually and as guardian ad litem for RC, a minor child; MC, a minor child; and MC, a minor child,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA; TULARE REGIONAL MEDICAL CENTER; LUIS A. SANCHEZ, D.O., MARISSA DOMINGUEZ (as nominal defendant); TITO DOMINGUEZ (as nominal defendant); and DAMIEN DOMINGUEZ (as nominal defendant).<br><br>Defendants. | Case No. 1:17-cv-0040-BAM<br><br>**ORDER GRANTING MOTION FOR GUARDIAN AD LITEM**<br><br>**ORDER DIRECTING CLERK TO AMEND CAPTION**<br><br>(ECF No. 74). |

On November 15, 2018, Plaintiff Jiame Calderon, the father of minor Plaintiffs R.C., M.C. and M.C., filed a motion to be appointed guardian ad litem. (ECF No. 74). On November 19, 2018, Defendant Luis Sanchez, D.O. filed a statement of non-opposition to the appointment of Jiame Calderon as guardian ad litem. (ECF No. 75). Defendant United States did not file a response to the motion.

"District courts have a special duty, derived from Federal Rule of Civil Procedure 17(c), to safeguard the interests of litigants who are minors." *Robidoux v. Rosengren*, 638 F.3d 1177, 1181 (9th Cir. 2011). Rule 17 provides that "[t]he court must appoint a guardian ad litem—or issue

1

another appropriate order—to protect a minor or incompetent person who is unrepresented in an action." Fed. R. Civ. P. 17(c)(2).

Local Rule 202(a) of this Court further states, in pertinent part:

> Upon commencement of an action or upon initial appearance in defense of an action by or on behalf of a minor . . . the attorney representing the minor or incompetent person shall present . . . a motion for the appointment of a guardian <u>ad</u> <u>litem</u> by the Court, or . . . a showing satisfactory to the Court that no such appointment is necessary to ensure adequate representation of the minor or incompetent person.

See L.R. 202(a).

The decision to appoint a guardian ad litem "must normally be left to the sound discretion of the trial court." *United States v. 30.64 Acres of Land*, 795 F.2d 796, 804 (9th Cir. 1986). The appointment of the guardian ad litem is more than a mere formality. *Id.* "A guardian ad litem is authorized to act on behalf of his ward and may make all appropriate decisions in the course of specific litigation." *Id.* A guardian ad litem need not possess any special qualifications, but he must "be truly dedicated to the best interests of the person on whose behalf he seeks to litigate." *AT&T Mobility, LLC v. Yeager*, 143 F.Supp.3d 1042, 9 (E.D. Cal. 2015). This means that the guardian ad litem cannot face an impermissible conflict of interest with the ward and courts consider the candidate's "experience, objectivity, and expertise" or previous relationship with the ward. *Id.* (citations omitted).

The Court has considered the motion of Jiame Calderon, the natural and custodial father of minor Plaintiffs R.C., M.C., and M.C, for appointment as guardian ad litem. (ECF. No. 74).

Finding good cause, **IT IS HEREBY ORDERED** that Plaintiff Jiame Calderon is appointed as guardian ad litem for minor Plaintiffs R.C., M.C., and M.C. in this action.

The Clerk of the Court is **FURTHER ORDERED** to **AMEND** the caption to reflect Plaintiff Jiame Calderon's appointment as guardian ad litem.

IT IS SO ORDERED.

Dated: **December 3, 2018**  /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE

2