UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JIAME CALDERON, individually and as guardian ad litem for RC, a minor child; MC, a minor child; and MC, a minor child,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA; TULARE REGIONAL MEDICAL CENTER; LUIS A. SANCHEZ, D.O., MARISSA DOMINGUEZ (as nominal defendant); TITO DOMINGUEZ (as nominal defendant); and DAMIEN DOMINGUEZ (as nominal defendant),<br><br>Defendants. | Case No. 1:17-cv-00040-BAM<br><br>ORDER REASSIGNING CASE TO U.S. DISTRICT JUDGE DALE A. DROZD FOR A LIMITED PURPOSE<br><br>FINDINGS AND RECOMMENDATIONS REGARDING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT<br><br>(Doc. No. 89)<br><br>**FOURTEEN (14) DAY DEADLINE** |

On February 11, 2019, Plaintiff Jiame Calderon, individually and as Guardian Ad Litem for three minor plaintiffs ("Plaintiffs"), filed a motion for default judgment against Nominal Defendants Marissa Dominguez, Damian Dominguez, and Tito Dominguez (the "Nominal Defendants"). (Doc. No. 89.) The Nominal Defendants have not appeared in this action or otherwise filed a timely opposition to the motion.

1

The motion was referred to this Court pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. The Court deemed the matter suitable for decision without oral argument pursuant to Local Rule 230(g). Having considered the moving papers and the Court's file, the Court RECOMMENDS that Plaintiff's motion for default judgment be GRANTED.[1]

## I. REASSIGNMENT FOR LIMITED PURPOSE

On April 14, 2017, the Court reassigned this action from the docket of United States District Judge Dale A. Drozd to the docket of United States Magistrate Judge Barbara A. McAuliffe for all further proceedings, including trial and entry of judgment, pursuant to 28 U.S.C. § 636(c)(1). (Doc. No. 17.) The Ninth Circuit has ruled that 28 U.S.C. § 636(c)(1) requires the consent of all named plaintiffs and defendants, even those not served with process, before jurisdiction may vest in a Magistrate Judge to dispose of a civil case. *Williams v. King,* 875 F.3d 500, 503-504 (9th Cir. 2017).

Here, the Nominal Defendants have not consented to the jurisdiction of a United States Magistrate Judge or otherwise appeared in this action. While all other parties to this action have consented to the jurisdiction of a United States Magistrate Judge, because the Nominal Defendants must consent before jurisdiction may vest, the Court issues these findings and recommendations regarding Plaintiffs' motion for default judgment. (*See* Doc. Nos. 7, 11, 12, 66.) This action should be reassigned to United States District Judge Dale A. Drozd for the limited purpose of the disposition of Plaintiffs' motion for default judgment against the Nominal Defendants, on the basis that Judge Drozd was most recently assigned to this action and is generally familiar with the claims, defenses, and parties in this action. This reassignment for a limited purpose is necessary and conducive to the equitable division and just, efficient, and economical determination of the business of the Court.

## II. FACTUAL BACKGROUND

This is an action for wrongful death action stemming from the death of decedent Ana Calderon ("Ana") on October 17, 2015. (Doc. No. 81.) On October 13, 2015, Ana gave birth to

---

[1] The Court has not been notified that any party has filed bankruptcy. No notice of filing of bankruptcy has been filed with this Court. See Local Rule 159 ("If the filing party has not filed the required Notice and another party learns of the bankruptcy filing, that party must file the Notice within seven (7) days of learning of the bankruptcy filing.")

2

her third child with Plaintiff Jiame Calderon at the Tulare Regional Medical Center ("TRMC"). (Doc. No. 81 at ¶¶ 9, 17.) The following day, on October 14, 2015, Ana underwent a bilateral tubal ligation surgery at TRMC which was performed by Adanna Ikedilo, M.D. (Doc. No. 81 at ¶ 18.) During the tubal litigation surgery and/or shortly thereafter, Ana's vital signs began to experience significant changes, including a significant drop in her blood pressure and a significant increase in her heart rate. (Doc. No. 81 at ¶ 20.) Ana subsequently suffered a series of cardiac arrests before she ultimately died on October 17, 2015. (Doc. No. 81 at ¶¶ 23-31.)

Plaintiffs initially filed suit on January 11, 2017, alleging a single wrongful death claim due to medical negligence. (Doc. No. 1.) Plaintiffs' initial complaint named both Dr. Ikedilo and TRMC as Defendants. On September 17, 2018, Plaintiffs amended their complaint adding anesthesiologist Luis Sanchez, M.D. as a defendant. (Doc. No. 55.) Plaintiffs' amended complaint alleged that Dr. Sanchez's conduct in providing anesthesia services during Ana's tubal ligation surgery fell below the applicable standard of care.

Plaintiffs then subsequently amended the complaint to name the Nominal Defendants, Ana's adult children, as required by California Code of Civil Procedure section 377.60 and pursuant to the Court's order of November 8, 2018. (Doc. Nos. 76, 81.) The Nominal Defendants were served with copies of the summons and complaint but failed to appear or otherwise respond. (*See* Doc. No. 83.) On February 4, 2019, Plaintiffs filed requests for entry of default against the Nominal Defendants. (Doc. Nos. 84-86.) The Clerk of Court entered default against the Nominal Defendants on February 4, 2019. (Doc. Nos. 87-88.) On February 11, 2019, Plaintiffs filed the instant motion for default judgment. (Doc. No. 89.) By the motion, Plaintiffs request default judgment in the amount of $0.00 against the Nominal Defendants.

**III. DISCUSSION**

    **A. Service of Process**

In deciding whether to grant or deny a default judgment, a court should assess the adequacy of the service of process on the party against whom default is requested. *See, e.g., Farmers Automobile Insurance Ass'n v. Long,* 2014 WL 12773793 at *1 (E.D. Cal. Mar. 13, 2014); *Coach,*

*Inc. v. Diva Shoes & Accessories*, 2011 WL 1483436 at *2 (N.D. Cal. Apr. 19, 2011); *Katzakian v. Check Resolution Service, Inc.*, 2010 WL 5200912 at *2 (E.D. Cal. Dec. 15, 2010).

Federal Rule of Civil Procedure 4 sets forth the requirements for serving an individual within a judicial district of the United States. An individual may be served by:

> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
>
> (2) doing any of the following:
>
>     (A) delivering a copy of the summons and of the complaint to the individual personally;
>
>     (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>
>     (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e).

California law, in turn, permits substituted service upon an individual by:

> "leaving a copy of the summons and complaint . . . at his or her usual mailing address . . . with the person who is apparently in charge thereof, and by thereafter mailing a copy of the summons and complaint by first-class mail."

Cal. Code Civ. P. § 415.20(a).

According to the proofs of service on file, Nominal Defendant Damian Dominguez was personally served with the summons and Third Amended Complaint. (Doc. No. 83, 89-1.) Nominal Defendant Marissa Dominguez was served by leaving copies of the summons and Third Amended Complaint at her address with Jimmy Mejia, her cousin and co-occupant, and thereafter by mail. (Doc. Nos. 83, 89-1.) Tito Dominguez was served by leaving copies of the summons and complaint at his address with Marissa Dominguez, his sister, and thereafter by mail. (Doc. Nos. 83, 89-1.) Accordingly, the Court finds that Plaintiffs properly served the Nominal Defendants pursuant to Federal Rule of Civil Procedure 4(e)(1) and (2)(A)-(B).

### B. The *Eitel* Factors Weigh in Favor of Default Judgment

Pursuant to Federal Rule of Civil Procedure 55(b)(2), a plaintiff can apply to the court for a default judgment against a defendant that has failed to plead or otherwise defend against the

action. Fed. R. Civ. P. 55(b)(2). "Upon default, the well-pleaded allegations of a complaint relating to liability are taken as true." *Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.,* 722 F.2d 1319, 1323 (7th Cir. 1983); *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987).

Factors which may be considered by courts in exercising discretion as to the entry of a default judgment include: (1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986); *PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F.Supp.2d 1172, 1174 (C.D. Cal. 2002). As discussed below, the Court finds that these *Eitel* factors weigh in favor of granting default judgment.

1. Possibility of Prejudice to Plaintiff

The first factor considers whether a plaintiff would suffer prejudice if default judgment is not entered. *See PepsiCo, Inc.,* 238 F.Supp.2d at 1177. Generally, where default has been entered against a defendant, a plaintiff has no other means by which to recover against that defendant. *Id.; Moroccanoil, Inc. v. Allstate Beauty Prods.*, 847 F.Supp.2d 1197, 1200-01 (C.D. Cal. 2012). Here, the Court finds Plaintiffs would be prejudiced if default judgment were not granted and this factor weighs in favor of default judgment.

2. Merits of Plaintiff's Claims and Sufficiency of the Complaint

The second and third *Eitel* factors, taken together, "require that [the] plaintiff[s] state a claim on which [they] may recover." *PepsiCo, Inc.,* 238 F. Supp. 2d at 1175. Notably a "defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law." *DIRECTV, Inc. v. Hoa Huynh,* 503 F.3d 847, 854 (9th Cir. 2007).

California law permits only one action for wrongful death. *Cross v. Pacific Gas & Elec. Co.,* 60 Cal.2d 690, 694 (1964). As a result, all heirs are necessary parties and plaintiffs "have a mandatory duty to join all known omitted heirs" in a single action. *Ruttenberg v. Ruttenberg,* 53 Cal.App.4th 801, 808 (1997). "If an heir refuses to participate in the suit as a plaintiff, he or she

may be named as a defendant so that all heirs are before the court in the same action. An heir named as a defendant in a wrongful death action is, in reality, a plaintiff." *Id.* Although identified as a nominal defendant, an heir may recover against the wrongful death action plaintiffs if he or she is not properly joined in the action. *See id.*; *Cotta v. Robinson,* 2014 WL 4249144 at *4 (E.D. Cal. Aug. 27, 2014); *Soltero v. City of Bakersfield,* 2014 WL 6668799 at *2 (E.D. Cal. Nov. 24, 2014).

Here, the Third Amended Complaint alleges that the Nominal Defendants are Ana's adult children and that each of them were present at her death. (Doc. No. 81 at 3-4.) Plaintiffs further allege that the Nominal Defendants are named as parties as required by California Code of Civil Procedure section 377.60 and pursuant to the Court's order of November 8, 2018. (Doc. No. 81 at 3-4.) There are no other allegations pertaining to the Nominal Defendants in the Third Amended Complaint and Plaintiffs do not allege that the Nominal Defendants engaged in any wrongful conduct or have any responsibility or fault for the underlying claim. The Court therefore finds that Plaintiffs have sufficiently alleged that the Nominal Defendants are necessary parties that must be joined in this wrongful death action. *See, e.g., Ruttenberg, supra,* 53 Cal.App.4th at 808; *Pavoni v. Chrysler Group, LLC,* 2012 WL 12883905 at *2 (C.D. Cal. Nov. 15, 2012) (holding that two children of decedent who had elected not to participate in a wrongful death lawsuit must still be joined as nominal defendants or involuntary plaintiffs); *Estate of Burkhard v. United States*, 2008 WL 4067429 at *7 (N.D. Cal. Aug. 26, 2008) ("An heir who files a wrongful death action is required to properly join all known heirs in the action); *but cf Backer v. United States,* 2014 WL 4267500 at *3 (E.D. Cal. Aug. 29, 2014) (holding that where an absent heir's claims are time-barred, the absent heir is not indispensable.) Moreover, Plaintiffs do not seek an award of damages against the Nominal Plaintiffs and instead request entry of judgment in the amount of $0.00. (Doc. No. 89-1 at 3.) *See Soltero, supra,* 2014 WL 6668799 at *2 (denying motion for default judgment against nominal defendant in wrongful death action where plaintiff sought an award of $75,000.00 and made no showing he was entitled to damages).

For the reasons set forth above, the Court finds that the second and third *Eitel* factors weigh in favor of default judgment.

### 3. The Sum of Money at Stake in the Action

Under the fourth factor cited in *Eitel*, "the court must consider the amount of money at stake in relation to the seriousness of Defendant's conduct." *PepsiCo, Inc.,* 238 F Supp.2d at 1176; *see also Philip Morris USA, Inc. v. Castworld Prods., Inc.,* 219 F.R.D. 494, 500 (C.D. Cal. 2003). Here, Plaintiffs do not seek an award of damages from the Nominal Defendants or any other form of relief and request entry of judgment in the amount of $0.00. (Doc. No. 89-1 at 3.) Accordingly, this factor does not weigh against entry of default judgment.

### 4. The Possibility of a Dispute Concerning Material Facts

The facts of this case as they pertain to the Nominal Defendants are straightforward, and Plaintiffs have provided the Court with a complaint that contains well-pled allegations and declarations and exhibits in support. Following the clerk's entry of default, the Court may assume the truth of well-pled facts in the complaint and, thus, there is no likelihood that any genuine issue of material fact exists as to the facts that relate to the Nominal Defendants. Further, the Nominal Defendants' failure to file an answer in this case or a response to the instant motion supports the conclusion that the possibility of a dispute as to material facts is minimal. *See, e.g., Elektra Entm't Grp. Inc. v. Crawford*, 226 F.R.D. 388, 393 (C.D. Cal. 2005) ("Because all allegations in a well-pleaded complaint are taken as true after the court clerk enters default judgment, there is no likelihood that any genuine issue of material fact exists."). This factor therefore weighs in favor of default judgment.

### 5. Whether the Default Was Due to Excusable Neglect

The sixth *Eitel* factor considers the possibility that Defendant's default resulted from excusable neglect. *PepsiCo, Inc.,* 238 F.Supp.2d at 1177. Courts have found that where a defendant was "properly served with the complaint, the notice of entry of default, as well as the paper in support of the [default judgment] motion," there is no evidence of excusable neglect. *Shanghai Automation Instrument Co. v. Kuei*, 194 F.Supp.2d 995, 1005 (N.D. Cal. 2001).

Upon review of the record, the Court finds that the default was not the result of excusable neglect. *See PepsiCo, Inc.*, 238 F. Supp. 2d at 1177. Although Plaintiffs did not serve the Nominal Defendants with a copy of the motion, according to the Court's docket, Plaintiffs properly served

the Nominal Defendants with the summons and complaint in this action. (Doc. No. 83.) Plaintiffs' counsel additionally contacted the Nominal Defendants on January 24, 2019, by e-mail inquiring as to whether they had hired an attorney and if they intended to respond. (Doc. No. 83-1.) On January 26, 2019, Plaintiffs' counsel contacted the Nominal Defendants by letter advising them it was not too late to respond but that if they did not do so timely Plaintiffs would take their defaults, which may prevent them from participating in the lawsuit. (Doc. No. 83-1.) Despite ample notice of this lawsuit and Plaintiffs' intention to seek a default judgment, the Nominal Defendants have not appeared to date. Thus, the record suggests that the Nominal Defendants have chosen not to participate in this action, and not that the default resulted from any excusable neglect. Accordingly, this factor weighs in favor of the entry of a default judgment.

6. <u>The Strong Policy Favoring Decisions on the Merits</u>

"Cases should be decided upon their merits whenever reasonably possible." *Eitel*, 782 F.2d at 1472. However, district courts have concluded with regularity that this policy, standing alone, is not dispositive, especially where a defendant fails to appear or defend itself in an action. *PepsiCo, Inc.,* 238 F.Supp.2d at 1177; *see also Craigslist, Inc. v. Naturemarket, Inc.,* 694 F.Supp.2d 1039, 1061 (N.D. Cal. Mar. 5, 2010). Although the Court is cognizant of the policy favoring decisions on the merits, that policy is unavailable here because the Nominal Defendants have not responded. Accordingly, the Court finds that this factor does not weigh against entry of default judgment.

Upon consideration of the *Eitel* factors as delineated above, the Court concludes that Plaintiffs are entitled to the entry of default judgment against Defendant. The Court therefore will recommend that Plaintiffs' Motion for Default Judgment be granted.

**C.  No Just Reason to Delay Entry of Judgment**

Federal Rule of Civil Procedure 54(b) provides that "[w]hen an action presents more than one claim for relief ... or multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court determines that there is no just reason for delay." This determination "left to the sound judicial discretion of the district court" but such discretion should be exercised "in the interest of sound judicial administration" and

in light of the "historic federal policy against piecemeal appeals." *Id.* In determining whether to direct entry of a final judgment as to fewer than all parties, courts should consider "whether the certified order is sufficiently divisible from the other claims such that the case would not inevitably come back to this court on the same set of facts." *Jewel v. Nat'l Sec. Agency*, 810 F.3d 622, 628 (9th Cir. 2015) (internal citations omitted).

Here, the Nominal Defendants are named solely because they are the decedent's adult children and necessary parties in this wrongful death action. The allegations against them are unrelated to the merits of the claims against the remaining defendants. Therefore, an order granting Plaintiff's motion for default judgment is sufficiently divisible from the claims against the remaining defendants such that it is highly unlikely that the case would inevitably come back to the Court on the same set of facts. *See Jewel, supra,* 810 F.3d at 628. Moreover, the underlying wrongful death action is currently set for trial on June 9, 2020. If the Court defers entry of a final judgment against the Nominal Defendants, the current trial date will likely be significantly delayed as a Magistrate Judge would lack jurisdiction to dispose of the case under *Williams v. King,* 875 F.3d 500 (9th Cir. 2017), and this case would be reset for trial before a District Judge. As it presently appears likely that there will only be one active District Judge in this Division after January 2020, deferring entry of a final judgment would likely mean that the claims against the remaining defendants would take years to resolve. The Court therefore finds that there is no just reason for delay and final judgment should be entered against the Nominal Defendants pursuant to Federal Rule of Civil Procedure 54(b).

V. **CONCLUSION AND RECOMMENDATION**

Accordingly, the Court HEREBY ORDERS the Clerk of the Court to reassign United States District Judge Dale A. Drozd to this action for the limited purpose of the disposition of Plaintiffs' motion for default judgment against the Nominal Defendants.

Further, based on foregoing, IT IS HEREBY RECOMMENDED that:

1. Plaintiffs' motion for default judgment (Doc. No. 89) be granted; and
2. Default judgment be entered in favor of Plaintiffs and against Nominal Defendants Marissa Dominguez, Damian Dominguez, and Tito Dominguez in the amount of $0.00.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **March 13, 2019**         /s/ *Barbara A. McAuliffe*
                                  UNITED STATES MAGISTRATE JUDGE