# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

JIAME CALDERON, an individual and as guardian ad litem for RC, a minor child; MC, a minor child; and MC, a minor child,

Plaintiffs,

v.

UNITED STATES OF AMERICA; TULARE REGIONAL MEDICAL CENTER; LUIS A. SANCHEZ, D.O., and DOES 1 through 25, inclusive,

Defendants.

Case No. 1:17-cv-00040-BAM

ORDER REGARDING PLAINTIFFS' MOTION FOR ORDER APPROVING MINORS' COMPROMISE

(Doc. Nos. 136, 137)

## I. INTRODUCTION

On May 13, 2020, Plaintiffs Jiame Calderon, an individual and as guardian ad litem for, RC, a minor child; MC, a minor child; and MC, a minor child ("Plaintiffs") filed a motion for court order approving the minors' compromise of claims in this action. (Doc. No. 136.) On May 14, 2020, Plaintiffs filed a notice of errata regarding modifications of information in the motion, but not in the supporting declarations. (Doc. No. 137.) Defendants United States of America and Luis A. Sanchez, D.O. did not file any opposition or response.

The Court held a hearing on June 12, 2020, before the Honorable Barbara A. McAuliffe, United States Magistrate Judge. Counsel Raymond Chandler appeared by telephone on behalf of Plaintiffs Jiame Calderon, an individual and as guardian ad litem for the minor children, RC, MC,

and MC. Counsel Alan Mish appeared by telephone on behalf of Defendant Luis A. Sanchez, D.O. No appearances on behalf of the United States of America.

Based on the representations of Plaintiffs' counsel during the hearing, and to supplement the motion for approval of minor's compromise consistent with Local Rule 202, the Court directed Plaintiff Jiame Calderon to submit a declaration, signed under penalty of perjury, to explain the intended use of allocated funds. (Doc. No. 140.) Plaintiff Jiame Calderon filed a declaration, signed under penalty of perjury, on June 17, 2020. (Doc. No. 131.)

Having considered the moving papers, counsel's representations at the hearing, the supplemental declaration, the terms of the settlement, and the record in this matter, the Court finds that the proposed settlement agreement is fair and reasonable. For the reasons that follow, the Motion for Order Approving Minors' Compromise is APPROVED and GRANTED.

## II. FACTUAL BACKGROUND

Plaintiffs initiated this action on January 11, 2017. (Doc. No. 1.) It arises from the death of Ana Calderon, the minors' mother, following a tubal ligation surgery performed by Adanna Ikedilo, M.D., on October 14, 2015. Plaintiffs proceeded on their third amended complaint for wrongful death against Defendant United States as the deemed employer of the surgeon, Dr. Ikedilo, and against the anesthesiologist, Luis A. Sanchez, D.O., arising from Ana Calderon's tubal ligation. (Doc. No. 81.)

Following summary judgment, the parties reached a voluntary settlement of this action shortly before trial. (Doc. No. 132). Plaintiff Jiame Calderon, as parent and guardian ad litem of the minor plaintiffs, R.C. (age 16), M.C. (age 5), and M.C. (age 4), submitted the instant motion for approval of minors' compromise of the claims. (Doc. No. 136.) Defendants have not objected to the motion for approval.

### Terms of Settlement

The total settlement amount is $700,000, with $350,000 from each of the two defendants. According to the record, $200,000 of the total settlement amount is apportioned for attorneys' fees, $370,000 of the total settlement amount is apportioned to Plaintiff Jiame Calderon, and $130,000 of the total settlement amount is apportioned to the minor plaintiffs, with $50,000 of

that amount to R.C. and $40,000 each to M.C. and M.C.

The amounts for the minor plaintiffs will be paid by the insurer for Defendant Sanchez in the form of guaranteed annuities issued by United of Omaha Life Insurance Company ("Omaha") and purchased through the Atlas Settlement Group Inc. (Doc. No. 136 at 4.) The details of the proposed annuities are as follows:

A. For RC: $49,833.33 for an annuity with a lifetime payout of $63,621.44, with payments as follows:

(1) Quarterly payments of $283.78 guaranteed for 12 years, beginning on 11/26/2021 at age 18, for a total of $13,124.64.

(2) A guaranteed lump sum payment of $50,000.00 on 11/26/2033 at age 30.

B. For M.C. (age 5): $39,833.34 for an annuity with a lifetime payout of $67,349.92, with payments as follows:

(1) Quarterly payments of $569.79 guaranteed for 12 years, beginning on 08/31/2032[1] at age 18.

(2) A guaranteed lump sum payment of $40,000 on 08/31/2044 at age 30.

C. For M.C. (age 4): $39,833.33 for an annuity with a lifetime payout of $69,402.88, with payments as follows:

(1) Quarterly payments of $612.56 guaranteed for 12 years, beginning on 10/13/2033 at age 18, for a total of $29,402.88.

(2) A guaranteed lump sum payment of $40,000.00 on 10/13/2045 at age 30.

D. A total of $500 as an assignment fee to Omaha for the three annuities.

(Doc. No. 136 at 4-5; Doc. No. 136-4, Ex. B. to Declaration of Raymond Chandler.)

As to the amount for Plaintiff Jiame Calderon, counsel represented at the hearing that Mr. Calderon intends to use a substantial portion of the $370,000 (nearly half) to purchase the family home. Counsel also reported that Mr. Calderon will continue to provide for his children and pay

[1] Plaintiffs' moving papers indicate that payments will begin on "8/31/2044" at age 18. This appears to be a typographical error. M.C. (age 5) was born on 8/31/14 and will be 18 on 8/31/2032. Exhibits attached to the motion correctly identify that payments for M.C. (age 5) will begin on "08/31/2032." (Doc. No. 136-4, Ex. B. to Declaration of Raymond Chandler at p. 3.)

for childcare. Based on the supplemental declaration filed by Plaintiff Jiame Calderon on June 17, 2020, he intends to use approximately $140,000 of his allocation to purchase the two-bedroom home in which he lives. (Doc. No. 141, Declaration of Jiame Calderon ("Calderon Decl.") at ¶¶ 3, 6.) He also plans to add a third bedroom to the home for approximately $40,000-50,000 and to address some deferred maintenance on the property for approximately $5,000. (*Id.* at ¶¶ 9, 10, 13.) Additionally, he also may use funds to assist with future college tuition for minor plaintiff R.C., purchase a reliable vehicle and for day-to-day support and needs of his children. (*Id.* at ¶¶ 15, 18, 21.)

As to the amount for attorneys' fees, under 28 U.S.C. § 2678, attorneys fees in actions against the United States are set at 25% of the total settlement paid by the United States. (Doc. 136-3, Ex. A to Chandler Decl.) The total settlement amount to be paid by the United States is $350,000, and 25% of that amount is $87,500. (Doc. No. 136 at 5.) With respect to the amount to be paid by Dr. Sanchez for attorneys' fees, Plaintiffs are represented by the Law Office of James L. Hudgens and the Law Office of Raymond Chandler. Counsel Raymond Chandler reportedly accepted the engagement by way of a contingent fee agreement based on the amount of fees recoverable under the limits set by MICRA, and fees are calculated on the amount recovered after deducting costs and expenses. (Doc. No. 136 at p. 5, citing Cal. Bus. & Prof. Code § 6146.) Counsel Chandler declares that after deducting costs and expenses of $54,663.00 from the total settlement amount of $350,000, the amount recovered from Dr. Sanchez is $295,337. (Doc. No. 136-2, Chandler Decl. at ¶ 5.) Counsel calculates attorney fees from Dr. Sanchez based on the amount recovered as $85,484.25. (Doc. No. 136 at 6.) Taken together, Counsel Chandler reports that total attorney fees and costs from both defendants amounts to $227,647.25. (*Id.*) However, he has agreed to reduce this amount to $200,000 so that plaintiffs' share of the settlement is $500,000. (Doc. No. 136-2, Chandler Decl. at ¶ ¶ 5 and 6.)

## III. DISCUSSION

### A. Relevant Standards

No compromise or settlement of a claim by a minor is effective unless it is approved by the Court. Local Rule 202(b). Any application for approval of a proposed settlement or

compromise must disclose, among other things, the following:

> the age and sex of the minor . . ., the nature of the causes of action to be settled or compromised, the facts and circumstances out of which the causes of action arose, including the time, place and persons involved, the manner in which the compromise amount . . . was determined, including such additional information as may be required to enable the Court to determine the fairness of the settlement or compromise . . . .

Local Rule 202(b)(2). Additionally, when, as here, the minors are represented by an attorney, the representation must be disclosed to the Court, including the terms of employment and whether the attorney became involved in the application at the instance of the party against whom the causes of action are asserted, whether the attorney stands in any relationship to that party, and whether the attorney has received or expects to receive any compensation, from whom, and the amount. Local Rule 202(c).

In addition to the foregoing requirements, Federal Rule of Civil Procedure 17(c) imposes on district courts a special duty to safeguard the interests of litigants who are minors. *Robidoux v. Rosengren*, 638 F.3d 1177, 1181 (9th Cir. 2011). In the context of proposed settlements in suits involving minor plaintiffs, the district court's special duty requires it to "conduct its own inquiry to determine whether the settlement serves the best interests of the minor." *Id.* (quoting *Dacanay v. Mendoza*, 573 F.2d 1075, 1080 (9th Cir. 1978)).

The Ninth Circuit's decision in *Robidoux* set forth guidelines for determining the reasonableness of a minor's settlement, and instructed district courts to "limit the scope of their review to the question [of] whether the net amount distributed to each minor plaintiff in the settlement is fair and reasonable, in light of the facts of the case, the minor's specific claim, and recovery in similar cases." *Id.* at 1181–82. Further, the Ninth Circuit directed that the fairness of each minor's net recovery should be evaluated "without regard to the proportion of the total settlement value designated for adult co-plaintiffs or plaintiffs' counsel—whose interests the district court has no special duty to safeguard." *Id.* at 1182 (citing *Dacanay*, 573 F.2d at 1078). Although *Robidoux* expressly limited its holding to cases involving settlement of a minor's federal claims, *Id*. at 1179 n. 2, district courts also have applied this rule in the context of a minor's state law claims. *See Sykes v. Shea*, Civ. No. 2:16-2851 WBS GGH, 2018 WL 2335774,

at *1 (E.D. Cal. May 23, 2018) (noting application of *Robidoux* to state law claims); *Frary v. Cty. of Marin*, No. 12-CV-03928-MEJ, 2015 WL 575818, at *2 (N.D. Cal. Feb. 10, 2015) (discussing that "district courts have found the *Robidoux* rule reasonable in the context of state law claims and have applied the rule to evaluate the propriety of a settlement of a minor's state law claims as well"); *see also Lobaton v. Cty. of San Diego*, No. 3:15-cv-1416-GPC-DHB, 2017 WL 2610038, at *2 (S.D. Cal. Jun. 16, 2017) (applying *Robidoux* to evaluation of minor's settlement where district court exercising supplemental jurisdiction over state law claims).

**B. Analysis**

The motion in this case sets forth the required information. R.C. is 16 years old, M.C. is 5 years old, and M.C. is 4 years old. R.C., M.C. and M.C. are the children of the decedent, Ana Calderon, and the claim for wrongful death (negligence) arises out of the death of Ms. Calderon following her tubal ligation. Further, Plaintiffs are represented by the Law Office of James L. Hudgens and the Law Office of Raymond Chandler. Counsel Chandler has agreed to receive reduced compensation in the amount of $200,000 so that plaintiffs' share of the settlement is $500,000. (Doc. No. 136-2, Chandler Decl. at ¶¶ 5 and 6.)

In the motion, Plaintiff Jiame Calderon, with the assistance of counsel, reports that he has made a careful and diligent investigation to ascertain the facts related to the incidents described in the operative complaint, the responsibility therefore, and the nature, extent and seriousness of the minors' injuries. (Doc. No. 136 at 7-8.) Mr. Calderon also suggests that the proposed division to three minors is because (a) M.C. (age 5) and M.C. (age 4) were too young to appreciate the significance of their mother's death, but, as they get older, they will understand the significance and the emotional pain will manifest and (b) R.C. was 12 years old at the time of his mother's death and suffered considerable emotional pain at the time, and he misses his mother's love and affection. (Doc. 136-1, Declaration of Jiame Calderon at ¶ 3.) Mr. Calderon, the minor plaintiffs' father and guardian ad litem, recommends the settlement and requests Court approval of the minors' compromise. (*Id.* at ¶ 6.)

Having considered the unopposed petition and representations at the hearing, the Court finds that the total settlement amount of $700,000, and the allocation of $130,000 of the total

amount to the minor plaintiffs, with $50,000 to R.C. and $40,000 each to M.C. (age 5) and M.C. (age 4) is fair and reasonable in light of the facts of the case, the specific claim, and recoveries in similar cases. *See, e.g., Hagan v. California Forensic Medical Group*, No. 2:07-cv-1095 LKK AC, 2013 WL 461501 (E.D. Cal. Feb. 5, 2013) (recommending approval of minor’s compromise for net amount of $15,000 in case involving death of plaintiff’s father), report and recommendation adopted, No. 2:07-CV-1095 LKK AC, 2013 WL 552386 (E.D. Cal. Feb. 12, 2013); *Estate of Lopez v. Fresno Community Hosp*., No. 1:07cv0752 AWI DLB, 2010 WL 502704 (E.D. Cal. Feb.8, 2010) (approving minor's compromise for net amount of $16,601.92 in case involving death of plaintiff's mother), report and recommendation adopted as modified, No. 1:07cv0752 AWI DLB, 2010 WL 683456 (E.D. Cal. Feb. 23, 2010); *see also Estate of Alderman v. City of Bakersfield, No.* 1:16-cv-00994-DAD-JLT, 2019 WL 827623, at *1 (E.D. Cal. Feb. 21, 2019) (approving minor’s compromise in amount of $22,862.07 in case involving shooting and killing of plaintiff’s father by police officers). Further, the Court’s finding that the settlement is fair and reasonable in light of the facts of this case and the claims is based on Plaintiff Jiame Calderon’s declaration, signed under penalty of perjury, that he intends to use approximately $140,000 of his allocation for the purchase of the family home and another substantial portion of his allocation to expand that home and to address deferred home maintenance. (Calderon Decl. at ¶ 13.) Accordingly, the Court will approve the petition for minor’s compromise.

## IV. CONCLUSION AND ORDER

Based on the foregoing, IT IS HEREBY ORDERED as follows:

1. The Motion for Approval of Minors’ Compromise is GRANTED, and the terms of the settlement, including attorneys’ fees, are APPROVED as fair and reasonable;
2. The sum of $130,000 be paid by the insurer for Defendant Dr. Luis A. Sanchez to Omaha for the purchase of annuities for the minor plaintiffs’ as detailed in this order; and
3. All disbursements from the annuities to the minor plaintiffs shall be made in accordance with the payment schedule detailed herein and may not be used for the

minors' necessities of life while they are minors, unless otherwise ordered by the Court.

IT IS SO ORDERED.

Dated: **June 18, 2020**

/s/ Barbara A. McAuliffe
UNITED STATES MAGISTRATE JUDGE